854 A.2d 1191

Julianne O'CONNOR, et al.

v.

BALTIMORE COUNTY, Maryland.

No. 124, Sept. Term, 2003.

Court of Appeals of Maryland.

July 26, 2004.

104

Robert L. Pierson (Pierson & Pierson, Baltimore, on brief), for appellants.

Paul M. Mayhew, Asst. Cty. Atty. (Edward J. Gilliss, Cty. Atty., John E. Beverungen, Deputy Cty. Atty., Towson, on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

GREENE, J.

Appellants Julianne O'Connor, Julianne Uehlinger, Janice Zimmerman, and Gail Jett ("the Employees") seek review of an Order of the Circuit Court for Baltimore County, dated July 25, 2003, granting a declaratory judgment and summary judgment pursuant to a motion filed by Baltimore County ("the County").

The question before this Court is whether the Circuit Court erred by deciding as a matter of law that the Employees' job classifications do not violate the County Charter and personnel law.

## FACTS

The Employees are four part-time workers in the County's Department of Social Services. Their positions are classified by the County as exempt or non-merit positions.[1] On November 1, 2002, the Employees filed a complaint in the Circuit Court for Baltimore County seeking declaratory and injunctive relief, alleging that their employment violates the Baltimore County Charter ("Charter") and the Baltimore County Code ("County Code"). Specifically, the Employees sought; (1) a declaratory judgment that designating permanent employees as "part-time" based on a 34 hour or 39 hour work week violates the Charter, and (2) an order from the court directing the County to classify plaintiffs' positions as non-exempt merit positions.

The Employees' complaint includes allegations that they have been doing the same work for virtually the same number of hours per week as merit system employees, but that they are denied merit status because they are classified by the County as part-time or hourly workers. The Employees argue that the Charter did not intend to create a class of permanent part-time workers who are exempt from the merit system. Rather, they argue, the Charter intended to exempt only employees who work occasionally or temporarily.

The County did not answer the complaint but instead filed a motion for summary judgment. The County argued that in order to obtain injunctive relief against a municipality, the Employees must show "grave and irreparable injury." The County asserted that the Employees had not met that burden. The County also contended, among other things, that the

---

1. One employee, Julianne O'Connor, has left employment subsequent to the filing of this action.

classification of the Employees as non-merit did not violate the Charter.

In addition, the County listed a series of material facts that are not in genuine dispute. Those facts include, among other things, that: (1) the Employees are employed by the County; (2) all four of the positions are funded exclusively by the State or federal government; (3) the four positions are not merit positions; (4) all four positions are part-time; and (5) each employee signed a statement upon accepting his or her positions with the County, that stated "I fully understand that the position I am accepting with Baltimore County is of a part-time nature and does not entitle me to benefits received by full-time employees of the Merit System. . . ." These facts are supported by the affidavit and attachments also filed by the County.

Antony J. Sharbaugh, Director of the Baltimore County Office of Human Resources, signed the affidavit, which describes the Employees' job classifications. He stated that the Charter expressly calls for the creation of non-merit or exempt positions in order to provide flexibility to meet the County's staffing needs. Mr. Sharbaugh's affidavit also states that the Office of Budget and Finance must approve merit positions based on sufficient funding, and that the County Council must approve each merit position. In addition, Mr. Sharbaugh notes in his affidavit that the two supervisory workers are part-time, professional consultants under Charter Section 801(5) and that the other are non-supervisory, part-time workers under Charter Section 801(9) and Regulations 1.03 and 1.04 of the County Personnel Law.[2]

---

**2.** Section 801 provides in pertinent part:

> The county personnel law shall provide for the division of all employees in the county government into the classified and the exempt service, the latter to consist of:

> \* \* \*

In response to the motion for summary judgment, the Employees filed two affidavits on February 5, 2003. Julianne Uehlinger filed an affidavit stating that she was a social worker who supervised the School Based Services Program, that her position was supervisory, and that she was designated as a part-time, non-classified employee. She also stated that she was never informed that she was a consultant and that Sharbaugh's affidavit was the first written document she had seen referring to her as a consultant. W. Michel Pierson,[3] the Employees' attorney, also filed an affidavit stating that the Employees needed an opportunity to conduct discovery concerning the assertions made in Sharbaugh's affidavit.

On March 13, 2003, the parties deposed Sharbaugh. Sharbaugh stated that non-merit employees have fewer holidays, vacation days, and personal leave days than merit employees. He also noted that when a merit position is eliminated, the merit employee is entitled to replace or "bump" an employee with less seniority in another position, so that the replaced employee is terminated.

---

(5) All professional consultants performing temporary or part-time services,

&ast; &ast; &ast;

(9) Such seasonal or occasional employees and such nonsupervisory employees paid on an hourly basis as may be specifically exempted from the effect of the county personnel law or from the plans, rules and regulations thereto.

Section 25-126, of the Baltimore County Code provides in relevant part:

Regulation 1.03. Exempt service means those county employees enumerated in article VIII of the Charter, section 801(1) through (8), inclusive, and employees defined in regulation 1.04 below as seasonal, occasional, part-time, emergency, or temporary employees.

Regulation 1.04. Seasonal, part-time, or temporary employees are those employees hired to perform seasonal, part-time or temporary duties.

3. Effective January 14, 2004, W. Michel Pierson, was appointed an Associate Judge, Baltimore City Circuit Court.

The parties appeared before the Circuit Court for a hearing on the motion for summary judgment on July 11, 2003. The Circuit Court granted the County's motion, deciding that there was no factual dispute and that, as a matter of law, the Charter did not prohibit the County from classifying the workers as non-merit exempt employees. Specifically, the Court said:

There is no factual dispute of the fact that the Plaintiffs are working for Baltimore County ... after they agreed to work for Baltimore County. And in fact, their employment contract indicated, and each of them knew at the time they began working for Baltimore County that they were to be designated as part-time employees [and] that they were not members of the merit system. There is no factual dispute that these employees work somewhere between 35 and 39 hours a week. . . . There is no factual dispute that they are not merit system employees, as clearly their employment contract indicated and as they understood. There is no factual dispute that they are paid on an hourly basis. Quite frankly, it seems to me that the facts that are material to the resolution of this matter are really not disputed.

The argument really comes down to a matter of law. It's a question of whether the Baltimore County Charter prohibits such a designation of an employee as part-time, given the undisputed facts of these employees' employment.

\* \* \*

Well, it's this court's view that whether the County Charter calls it hourly or part-time is really kind of irrelevant as, in fact, these people are being paid hourly, as the charter indicates that there is that class of employee. . . . But quite frankly, I don't see any prohibition for the County doing and classifying these employees as they have and according them the benefits that they have.

This is something that is open. It's not hidden. It hasn't been kept from these employees. They began working, began accepting money under this employment agreement. I don't think it's something that, quite frankly, they are

prejudiced because they began their employment and they continue their employment under that understanding. I don't see why the County can't do this. I don't see why the charter prohibits it.

On July 25, 2003, the Circuit Court signed an order granting summary judgment and declared that, "[t]he designation and employment of the plaintiffs as part-time, exempt employees does not violate the Baltimore County Charter and personnel law." Judgment was entered on July 29, 2003, and on August 19, 2003, Petitioners filed an appeal in the Court of Special Appeals of Maryland. Before the Court of Special Appeals could decide the appeal, this Court granted *certiorari* on its own initiative. *O'Connor v. Baltimore County*, 379 Md. 225, 841 A.2d 339 (2004).

## DISCUSSION

Maryland Rule 2–501(e) provides, in relevant part, that "the court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." As we said in *Remsburg v. Montgomery*, 376 Md. 568, 831 A.2d 18 (2003), "[w]hen reviewing a grant of summary judgment, we must make the threshold determination as to whether a genuine dispute of material fact exists, and only where such dispute is absent will we proceed to review determinations of law." *Remsburg*, 376 Md. at 579, 831 A.2d at 24. We also noted that "[a]n appellate court reviews a trial court's grant of a motion for summary judgment *de novo*. 'The trial court will not determine any disputed facts, but rather makes a ruling as a matter of law. The standard of appellate review, therefore, is whether the trial court was legally correct.'" *Id.* (quoting *Williams v. Mayor & City Council of Baltimore*, 359 Md. 101, 114, 753 A.2d 41, 48 (2000)) (other citations omitted).

Before turning to the questions of law, we must first decide whether the Circuit Court properly determined that no

genuine dispute of material fact exists. We construe the facts properly before the court, and any reasonable inferences that may be drawn from them, in the light most favorable to the non-moving party. *Todd v. MTA*, 373 Md. 149, 155, 816 A.2d 930, 933 (2003) (citing *Okwa v. Harper*, 360 Md. 161, 178, 757 A.2d 118, 127 (2000)). We have held that "mere general allegations which do not show facts in detail and with precision are insufficient to prevent summary judgment." *Beatty v. Trailmaster*, 330 Md. 726, 738, 625 A.2d 1005, 1011 (1993) (citing *Lynx, Inc. v. Ordnance Products, Inc.*, 273 Md. 1, 7–8, 327 A.2d 502, 509 (1974)). To properly oppose a motion for summary judgment, the facts presented must not only be detailed but also admissible in evidence. *Beatty*, 330 Md. at 737, 625 A.2d at 1011. Furthermore, the mere presence of a factual dispute, in general, will not render summary judgment improper. *Beatty*, 330 Md. at 738, 625 A.2d at 1011. As we explained in *Lippert v. Jung*, 366 Md. 221, 783 A.2d 206 (2001), " 'a dispute as to facts relating to grounds upon which the decision is not rested is not a dispute with respect to a *material* fact and such dispute does not prevent the entry of summary judgment.' " *Lippert*, 366 Md. at 227, 783 A.2d at 209 (quoting *Salisbury Beauty Schools v. State Bd. of Cosmetologists*, 268 Md. 32, 40, 300 A.2d 367, 374 (1973)). "Where the record shows that there was no such genuine dispute as to any material fact necessary to resolve the controversy as a matter of law, and it is shown that the movant is entitled to judgment, the entry of summary judgment is proper." *Lynx, Inc. v. Ordnance Products, Inc.*, 273 Md. 1, 8, 327 A.2d 502, 509 (1974).

In the case at bar, we agree with the Circuit Court's determination that no material dispute of fact exists. The Employees and the County agree about the manner in which personnel were hired, the number of hours worked, and the duties and responsibilities of the positions. The Employees argue that there is a genuine dispute as to whether the County "created a class of non-merit system employees whose positions are no different in any meaningful sense from their classified counterparts, with the express purpose of circum-

venting the Charter's merit system requirements." That so-called factual dispute is not a factual dispute at all. Rather, it is the basis of the workers' legal argument that the County violated the merit system requirements of its Charter. The other "disputed" facts mentioned by the Employees in their brief are not contested by the County.[4] The only disagreement is the legal effect of the undisputed facts.

■ We turn, then, to the question of whether the County was entitled to judgment as a matter of law. The Employees argue that the court erred by ruling, as a matter of law, that the classification of the Employees does not violate the Charter or the County Code. In particular, the Employees argue that the Circuit Court's interpretation of the Charter "avoided any examination of whether the permanent employment of appellants in their positions under the circumstances presented here amounted to an attempt to avoid the provisions of the Charter." The Employees also argue that the Circuit Court's interpretation of the Charter allows the merit system to be "subverted by a transparent stratagem and gives no weight to the beneficial purposes that the Charter's merit system provisions were designed to serve."

The County argues that its interpretation of the Charter, to allow the designation of the Employees as non-merit, is in keeping with the legislatively enacted classifications of merit and non-merit employees and the provisions of the Charter.[5]

---

4. Those facts include the hours worked by the Employees (34 hours per week), their classification as part-time and non-merit, their job duties and the fact that they are the same as the duties of merit employees, the long-term length of their employment, and the supervisory roles of two of the workers.

5. The County makes some additional arguments, the discussion of which are unnecessary to the resolution of this case. In particular, the County argues that a plaintiff seeking injunctive relief against a local government must establish "a clear and satisfactory showing of grave and irreparable injury to private rights," and that the employees in this case have not met that burden. We need not address that issue because the County is entitled to summary judgment on other grounds. In addition, the County argues that the Charter and the County Code have the full force of law and that "such law is invalid only if it is in conflict

 Local ordinances and charters are interpreted under the same canons of construction that apply to the interpretation of statutes. *Howard Research v. Concerned Citizens,* 297 Md. 357, 364, 466 A.2d 31, 34 (1983). The cardinal rule of statutory interpretation is to ascertain the intention of the legislature. *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423, 429 (1995). " 'The primary source of legislative intent is, of course, the language of the statute itself.' " *State v. Pagano,* 341 Md. 129, 133, 669 A.2d 1339, 1340–41 (1996) (quoting *Tucker v. Fireman's Fund,* 308 Md. 69, 73, 517 A.2d 730, 731 (1986)). When interpreting a statute, we assign the words their ordinary and natural meaning. *Lewis v. State,* 348 Md. 648, 653, 705 A.2d 1128, 1131 (1998). We will not "divine a legislative intention contrary to the plain language of a statute or judicially insert language to impose exceptions, limitations or restrictions not set forth by the legislature." *Langston v.*

----

with higher law." There is no dispute in this case about the validity of the Charter or County Code provisions at issue. Consequently, the County's reliance on *Haub v. Montgomery County,* 353 Md. 448, 727 A.2d 369 (1999) is misplaced.

In *Haub,* Montgomery County merit system employees filed complaints with the County Office of Human Resources when they were notified that their positions were going to be privatized so that the County could save money. *Haub,* 353 Md. at 454, 727 A.2d at 372. After the filing of those complaints, but before they were decided by the Office of Human Resources, the Montgomery County Council approved the budget, which included the privatization of programs disputed by the merit system employees. *Haub,* 353 Md. at 455, 727 A.2d at 372. On appeal, the employees argued that language in the Montgomery County Charter favoring a merit system prevented the County from enacting legislation to privatize positions. *Haub,* 353 Md. at 465, 727 A.2d at 374. We held that the Charter language did not preclude the privatization or contracting out of work to non-government entities. *Haub,* 353 Md. at 466, 727 A.2d at 378. The case at bar has nothing to do with privatizing positions. More importantly, there is no challenge in the instant case to the validity of locally enacted legislation. Rather, the issue is the proper interpretation of the local Charter and County Code.

Finally, the County argues that the Court cannot grant injunctive relief to the Employees in this case because no legal remedy would be available and because many necessary parties (other exempt employees) were not a part of the suit. We need not address these arguments because the County is entitled to summary judgment on other grounds, as will be discussed further in this opinion.

*Langston*, 366 Md. 490, 515, 784 A.2d 1086, 1100 (2001). Similarly, "[w]e neither add nor delete words to a clear and unambiguous statute to give it a meaning not reflected by the words the Legislature used or engage in a forced or subtle interpretation in an attempt to extend or limit the statute's meaning." *Taylor v. NationsBank*, 365 Md. 166, 181, 776 A.2d 645, 654 (2001).

The Employees in the case at bar assert that their employment violates the Charter because they do the same work as merit employees, yet they are classified differently. As evidence of the County's bad faith, the Employees allege that the County was oblivious to Charter employee classifications until the lawsuit was filed, because only then were the supervisor plaintiffs informed that they were "consultants." The Employees' arguments are unpersuasive. There is nothing in the relevant portions of the Charter to suggest that in order to classify someone as a non-merit employee, their job function must be different from the job function of those classified as merit employees. Rather, the Charter permits the County to make the different classification based on the hours worked. In addition, there is nothing in the relevant portions of the Charter to suggest that in order for an employee's non-merit classification to be legitimate, the County must inform the employee that a part-time supervisory employee is considered to be a "professional consultant." Furthermore, there is nothing in the Charter to suggest that the County is limited in the amount of employees it may classify as non-merit employees. As long as the workers fit into the allotted categories, their classification is acceptable.[6] Finally, there is no limit on the hours per year a *part-time* employee can work before they are no longer considered exempt.[7] Therefore, the commonly

---

6. We note the Employees' allegation in their complaint that the number of part-time, exempt employees represents less than 15% of the County's work force. That hardly seems like a scheme by the County to circumvent the Charter's provisions regarding classification of employees into merit and non-merit positions.

7. By contrast, Regulation 8.01 in Section 25–126 of the Baltimore County Code notes that *"seasonal or temporary* employees may not be

understood meaning of the word indicates that anyone working under 40 hours per week could fairly be classified as part-time. None of the workers in this case were scheduled to work over 34 hours per week.

 Paragraph (5) of Section 801 of the Charter permits the County to exempt from merit classification "all professional consultants performing temporary *or part-time* services." (Emphasis added.) The definition of "consultant" is "one who consults another, one who gives professional advice or services." Merriam Webster's Collegiate Dictionary 248 (10th ed.2001). The County's interpretation of the term "professional consultant" to include part-time employees who act as supervisors is completely reasonable and logical.[8] In the case at hand, it is undisputed that the two workers who had supervisory jobs were performing part-time services. The fact that those part-time services were ongoing for a long period of time (rather than for a temporary period) does not make their classification a violation of the Charter. The Charter clearly states that professional consultants performing temporary *or* part-time services may be excluded from merit classification.

---

retained in the County employ for a period longer than six (6) months." (Emphasis added.) In addition, similar personnel provisions in other Maryland counties specifically limit the number of hours per year that some exempt employees (temporary and seasonal) can work. *See* Anne Arundel County Charter, § 802(a)(14) (limiting hourly-rate temporary employees to 1500 hours per calendar year); Prince George's County Charter, § 902(7) (limiting hourly-rate temporary or seasonal employees to 700 hours per year).

8. When the words of a statute "leave room for interpretation ... we ordinarily give some weight to the construction given the statute by the agency responsible for administering it." *Magan v. Medical Mut. Liab. Ins. Soc'y. of Md.,* 331 Md. 535, 546, 629 A.2d 626 (1993). An administrative agency's interpretation and application of the statute which the agency administers "should ordinarily be given considerable weight by reviewing courts." *Board of Physician Quality Assurance v. Banks,* 354 Md. 59, 69, 729 A.2d 376, 381 (1999). "[T]he expertise of the agency in its own field should be respected." *Id.* Similarly, an agency's interpretation of its own regulations should be given "a great deal of deference." *MTA v. King,* 369 Md. 274, 288, 799 A.2d 1246, 1254 (2002).

Paragraph (9) of section 801 of the Charter permits the County to exclude from merit classification "[s]uch seasonal or occasional employees *and such nonsupervisory employees paid on an hourly basis* as may be specifically exempted from the effect of the county personnel law or from the plans, rules and regulations thereto." (Emphasis added.) There is no dispute that the other two workers in this case are nonsupervisory, paid on an hourly basis, and part-time. To classify employees in that situation as non-merit employees is clearly permitted by the Charter.

In addition to the Charter, the County Code permits the Employees' classifications in this case. Section 25–126, Regulation 1.03 states that "[e]xempt service means those county employees enumerated in Article VIII of the Charter, section 801(1) through (8), inclusive, and employees defined in regulation 1.04 below as seasonal, occasional, part-time, emergency or temporary employees." Section 25–126, Regulation 1.04 states that "[s]easonal, *part-time*, or temporary employees are those employees hired to perform seasonal, *part-time*, or temporary duties." All of the personnel in this case were hired to perform part-time duties and there is no allegation in the complaint that any of them worked more than part-time hours. Consequently, their classification as non-merit employees is permissible under the relevant local laws. The Circuit Court for Baltimore County did not err by granting summary judgment to the County on that basis.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. APPELLANTS TO PAY COSTS.