*David L. Peacock v. William C. Debley, et al.*, Case No. 410, Sept. Term, 2023.  Opinion filed on April 22, 2024, by Berger, J.


MARYLAND TORT CLAIMS ACT - THREE-YEAR FILING DEADLINE - LIMITED WAIVER OF SOVEREIGN IMMUNITY - COVID-19 TOLLING ORDERS

The Maryland Tort Claims Act's three-year filing requirement, Md. Code (1984, 2021 Repl. Vol., 2022 Supp.) § 12-104(a)(1) of the State Gov't Article ("SG"), is both a statute of limitations and a condition precedent to the waiver of sovereign immunity.  Because only the Legislature, and not the Judiciary, can waive sovereign immunity, the Chief Judge's COVID Tolling Orders cannot be read as extending the MTCA's three-year filing requirement.

GENUINE DISPUTE OF MATERIAL FACT - STATE PERSONNEL - IMMUNITY

There was no genuine dispute of fact as to a deputy sheriff's status as a State personnel under the Maryland Tort Claims Act when both the County and the State affirmed under oath in their answers to interrogatories that a deputy sheriff was acting as a State employee at the time of the motor vehicle accident giving rise to the claim and the definition section of the MTCA expressly includes "a sheriff or deputy sheriff of a county or Baltimore City" in the category of "State personnel."  SG § 12-101(a)(6).

COURTS AND JUDICIAL PROCEEDINGS § 5-524 - CAUSE OF ACTION AGAINST A GOVERNMENT ENTITY

Md. Code (2006, 2020 Repl. Vol.), § 5-524 of the Courts and Judicial Proceedings Article ("CJP"), does not create an independent cause of action against a government entity but instead provides that the jurisdiction may not assert the defense of governmental immunity as to the mandatory minimum insurance.  The aim of CJP § 5-524 is to place a local government in the same position as any other owner of a vehicle who is sued on account of the negligence of the owner's agent or employee.

Circuit Court for Montgomery County
Case No. 487297V

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 410

September Term, 2023

_____

DAVID L. PEACOCK

v.

WILLIAM C. DEBLEY, ET AL.

_____

Graeff,
Berger,
Albright,

JJ.

_____

Opinion by Berger, J.

_____

Filed: April 22, 2024

* Tang, J., did not participate in the Court's
decision to designate this opinion for publication
pursuant to Md. Rule 8-605.1.

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This case is before us on appeal from an order of the Circuit Court for Montgomery County entering summary judgment in favor of defendants Montgomery Deputy Sheriff William C. Debley, Montgomery County, and the State of Maryland. The lawsuit arose from a motor vehicle accident involving Deputy Debley and appellant David Peacock.

On appeal, Peacock presents three questions for our review, which we have rephrased as follows:

I. Whether the circuit court erred in ruling that the time for filing the action was not extended by the Supreme Court of Maryland's COVID Tolling Orders.

II. Whether the circuit court erred when it determined that there was no genuine dispute of fact as to whether Deputy Debley was "State personnel" under the Maryland Tort Claims Act and therefore entitled to immunity.

III. Whether the circuit court erred when it determined that Md. Code (2006, 2020 Repl. Vol.), § 5-524 of the Courts and Judicial Proceedings Article ("CJP") did not authorize direct recovery against the County for Peacock's claim of *respondeat superior* liability.

For the reasons explained herein, we shall affirm.

**FACTS AND PROCEEDINGS**

The facts underlying this appeal are not disputed by the parties. On the morning of October 29, 2018, Deputy Debley was operating a motor vehicle southbound on Woodfield Road towards Welsh Road when Debley struck the rear of a vehicle operated by Peacock. At the time of the accident, Deputy Debley was traveling to the Sheriff's Office and was operating his assigned Sheriff's Office vehicle, but he had not yet begun his shift.

On January 23, 2019, Peacock, via counsel, filed notices of claims with Montgomery County pursuant to the Local Government Tort Claims Act and with the Maryland State Treasurer pursuant to the Maryland Tort Claims Act ("MTCA"). Within one week, the County acknowledged receipt of Peacock's claim. The County advised Peacock that "a review of your letter also purports to be a notice of claim against the Sheriff's Department and/or the State of Maryland." The County further advised that "[t]o the extent your claim is against either of these entities, neither the County Executive, County Attorney, nor Montgomery County is the proper party to receive statutory notice for the State of Maryland, nor are they otherwise authorized by the State of Maryland to accept notice."

The State acknowledged Peacock's claim via a letter dated April 20, 2021 from the Maryland State Treasurer's office. The State Treasurer advised that a "preliminary review" of the claim had led to the "determin[ation] that the claim alleges conduct by a sheriff or deputy sheriff engaged in an activity that does not involve service of process, transportation of prisoners, courthouse security, or personnel matters" and that "[w]here a claim involves activities . . . other than those State functions, a county government may obtain insurance coverage and defense of claims that fall under the Maryland Tort Claims Act." The State Treasurer further advised that the claim had been referred "to the Montgomery County government for appropriate handling" and the State Treasurer was "administratively[] closing this matter."

In September 2021, Peacock filed a complaint in the Circuit Court for Montgomery County against Montgomery County and Debley alleging one count of negligence against

each defendant.  The County and Debley both moved to dismiss the complaint.  The County argued that Debley was not acting as an agent of the County at the time of the accident, and, therefore, the County was not a proper defendant.  Debley argued that he was entitled to statutory immunity and dismissal under the MTCA because he was "State personnel" at the time of the accident.  On January 28, 2022, Peacock filed an amended complaint which added the State as a party.  Because an amended complaint had been filed, the circuit court denied the motions to dismiss the original complaint as moot.  The State subsequently moved to dismiss, arguing that Peacock's claim was time-barred because he failed to sue the State within three years of the accident as required by the MTCA.  Peacock filed an opposition, and the circuit court denied the State's motion.

Following discovery, the State, the County, and Debley filed motions for summary judgment.  The State argued, *inter alia*, that Peacock's claim was barred by the MTCA because it was filed more than three years after the accident.[1]  The State asserted that by failing to sue the State within three years, Peacock had failed to satisfy a condition precedent to the State's waiver of sovereign immunity.  Debley argued that he was entitled to immunity under the MTCA, and the County argued that it was entitled to summary judgment because it was not Debley's employer.  In his opposition, Peacock argued that there was a dispute of material fact as to whether Debley was a State or County employee at the time of the accident and that the Supreme Court's COVID Tolling Orders extended

[1] The State also argued that the workers' compensation exclusivity rule barred Peacock, an employee of the Maryland Automobile Insurance Fund, from recovering in tort from the State.  This issue is not before us on appeal.

3

the filing deadline for his claim against the State.[2]  Peacock further argued that he was entitled to recover against the County pursuant to CJP § 5-524 because the County was the owner of the vehicle.

Following a hearing on April 10, 2023, the circuit court granted the motions and entered judgment in favor of the County, the State, and Debley.  The circuit court determined that there was no factual dispute regarding Debley's status as "State personnel" at the time of the accident, that Peacock was not entitled to recover against the County pursuant to CJP § 5-524, that the MTCA's filing deadline was not extended by the COVID Tolling Orders, and that Debley was entitled to immunity under the MTCA.  This timely appeal followed.

**STANDARD OF REVIEW**

The entry of summary judgment is governed by Maryland Rule 2-501, which provides:

> The court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

Md. Rule 2-501(f).  A genuine dispute of material fact exists only when there is evidence upon which a reasonable jury could base a verdict in favor of the non-moving party. *Beatty v. Trailmaster Prods., Inc.*, 330 Md. 726, 738-39 (1993).

---

[2] Peacock further argued that the workers' compensation exclusivity rule did not apply.

4

The Supreme Court has described the standard of review to be applied by appellate courts reviewing summary judgment determinations as follows:

> On review of an order granting summary judgment, our analysis "begins with the determination [of] whether a genuine dispute of material fact exists; only in the absence of such a dispute will we review questions of law." *D'Aoust v. Diamond*, 424 Md. 549, 574, 36 A.3d 941, 955 (2012) (quoting *Appiah v. Hall*, 416 Md. 533, 546, 7 A.3d 536, 544 (2010)); *O'Connor v. Balt. Cnty.*, 382 Md. 102, 110, 854 A.2d 1191, 1196 (2004). If no genuine dispute of material fact exists, this Court determines "whether the Circuit Court correctly entered summary judgment as a matter of law." *Anderson v. Council of Unit Owners of the Gables on Tuckerman Condo.*, 404 Md. 560, 571, 948 A.2d 11, 18 (2008) (citations omitted).
>
> Thus, "[t]he standard of review of a trial court's grant of a motion for summary judgment on the law is *de novo*, that is, whether the trial court's legal conclusions were legally correct." *D'Aoust*, 424 Md. at 574, 36 A.3d at 955.

*Koste v. Town of Oxford*, 431 Md. 14, 24-25 (2013).

## DISCUSSION

## I.

The first issue we shall address on appeal is Peacock's assertion that the circuit court erred in ruling that the time for filing the action against the State was not extended by the COVID Tolling Orders. As we shall explain, we agree with the State that the MTCA's three-year filing requirement is a limited waiver of sovereign immunity that was not extended by the COVID Tolling Orders.

### A.      *The Judiciary's Response to the COVID-19 Public Health Emergency*

The Supreme Court issued several administrative orders addressing suspension of deadlines as a result of the COVID-19 public health emergency, which we shall refer to

collectively as the COVID Tolling Orders. The COVID Tolling Orders were issued "as part of the State's response to the COVID-19 emergency that began in early 2020." *Murphy v. Liberty Mut. Ins. Co.*, 478 Md. 333, 350 (2022). The COVID Tolling Orders were "issued against the backdrop of the pandemic and various measures taken by the Governor and Legislature in response to that emergency." *Id.* The Supreme Court summarized the government response to the COVID-19 emergency, including actions undertaken by "[e]ach branch of State government . . . to limit access to public buildings and reduce interactions among government personnel and members of the public." *Id.* at 353. On March 12, 2020, former Chief Judge[3] Mary Ellen Barbera issued administrative orders suspending jury trials and non-essential matters, and on March 13, 2020, the Chief Judge issued an additional administrative order closing courthouses to the public for all but certain emergency matters. *Id.* at 356.

On March 13, 2020, the Rules Committee approved rules relating to the emergency authority of the Chief Judge, and the Supreme Court adopted the proposed rules, which, *inter alia*, delegated authority to the Chief Judge to extend court deadlines. *Id.* at 357. On April 3, 2020, the Chief Judge issued the first administrative order tolling deadlines, which ordered that:

> all statutory and rules deadlines related to the initiation of
> matters required to be filed in a Maryland state court, including

---

[3] During the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the title of the "Chief Judge" to "Chief Justice" and changing the name of Maryland's highest court from "Court of Appeals" to "Supreme Court." The changes from "Chief Judge" to "Chief Justice" and from "Court of Appeals of Maryland" to "Supreme Court of Maryland" had not occurred during all relevant times. Accordingly, we shall use the former titles throughout this opinion where appropriate.

6

statutes of limitations, shall be tolled or suspended, as applicable, effective March 16, 2020, by the number of days that the courts are closed to the public due to the COVID-19 emergency by the Chief Judge of the Court of Appeals[.]

*Id.* at 358-59. The Chief Judge issued subsequent orders addressing court closures, case time standards, and judiciary operations. An order issued May 22, 2020 noted that "clerks' offices would be reopened on July 20, 2020 - which would mark the end of the tolling period established in the previous orders." *Id.* at 362. The May 22 order further

elaborated on the previous tolling orders by specifying that, for purposes of tolling the statutes and limitations and other deadlines related to the initiation of matters, the 126 days during which the clerks' offices were closed (March 16, 2020 until July 20, 2020) "do not count against the time remaining for the initiation of the matter." The May 22 order further extended the filing deadlines for the initiation of matters by an additional 15 days past the date on which clerks' offices reopened and provided an example as to how a new filing deadline would be computed.

*Id.*

Subsequent revised administrative tolling orders were amended eleven times between June 2020 and March 2022. "The amendments included some minor changes to the tolling order, but largely consisted of updated cross-references to other administrative orders concerning the COVID-19 pandemic. On March 28, 2022, the Chief Judge issued a 'final' administrative tolling order; it recognized the termination of emergency operations in the Judiciary as of April 3, 2022." *Id.* (footnotes omitted). Later, answering a question certified by the United States District Court for the District of Maryland, the Supreme Court of Maryland held that the Chief Judge had "acted within her authority and consistently with the Maryland Constitution when she issued an administrative order temporarily tolling

7

statutes of limitations under Maryland law with respect to civil actions during the COVID-19 pandemic." *Id.* at 385-86.

**B.** ***The COVID Tolling Orders, the Maryland Tort Claims Act, and Sovereign Immunity***

In this case, the parties agree that if the COVID Tolling Orders -- which extended deadlines by a total of 141 days -- apply to the MTCA's three-year filing requirement, Peacock's claim against the State would be considered timely. The motor vehicle accident underlying this appeal occurred on October 29, 2018, and the original filing deadline would have expired on October 29, 2021. Peacock contends that the deadline for filing his complaint against the State was March 22, 2022 -- 141 days after the original deadline. Accordingly, Peacock asserts that because his amended complaint against the State was filed on January 18, 2022, it was timely filed. The issue before us is whether the 141-day extension applicable to statutes of limitations applies as well to the three-year filing requirement in the MTCA. As we shall explain, in our view, the three-year deadline for filing a claim against the State pursuant to the MTCA was not extended by the COVID Tolling Orders.

It is well established that the State of Maryland, as a sovereign, "is 'infallible,' and, thus, immune from suit 'absent the State's consent.'" *Williams v. Morgan State Univ.*, 484 Md. 534, 539 (2023) (quoting *United States v. Nordic Vil., Inc.*, 503 U.S. 30, 42, 112 S.Ct. 1011 (1992) (Stevens, J., dissenting)). "The General Assembly provided such consent in the Maryland Tort Claims Act ('MTCA'), Md. Code . . . (1984, 2021 Repl. Vol., 2022

8

Supp.) § 12-104(a)(1) [of the State Gov't Article ("SG")], which waives the State's immunity as to a 'tort action in a court of the State[.]'" *Williams*, *supra*, 484 Md. at 539.

The Supreme Court recently discussed the MTCA's statutory framework in *Williams*, *supra*, explaining as follows:

> The MTCA is codified under the State Government Article as Subtitle 1 of Title 12. "The MTCA was enacted in 1981 as a waiver of the State's sovereign immunity for tortious acts or omissions committed within the scope of the public duties of 'state personnel' and committed without malice or gross negligence." *Barbre v. Pope*, 402 Md. 157, 173, 935 A.2d 699 (2007). Under the MTCA, a party injured by the negligent act or omission of a state officer or employee within the scope of the officer's or employee's public duties may obtain compensation for that injury from the State.
>
> SG § 12-104 states in pertinent part:
>
> (a)(1) Subject to the exclusions and limitations in this subtitle and notwithstanding any other provision of the law, *the immunity of the State and its units is waived as to a tort action, in a court of the State*, to the extent provided under paragraph (2) of this subsection.
>
> (2)(i) Except as provided in subparagraph (ii) of this paragraph, the liability of the state and its units may not exceed $400,000 to a single claimant for injuries arising from a single incident or occurrence.
>
> * * *
>
> (b) Immunity is not waived under this section as described under § 5-522(a) of the Courts and Judicial Proceedings Article.
>
> (Emphasis added). By its plain terms, SG § 12-104(b) provides that the scope of the State's waiver of sovereign immunity is established by the interplay between subsection (a) and CJP § 5-522(a). That section provides that the State's immunity is

9

not waived for, among other things, "[a]ny tortious act or omission of State personnel that: (i) [i]s not within the scope of the public duties of the State personnel; or (ii) [i]s made with malice or gross negligence[.]" CJP § 5-522(a)(4).

The other central component of the MTCA, in addition to its waiver of the State's sovereign immunity for tortious acts or omissions by State personnel, is a *corresponding immunity* from suit and from liability in tort for State personnel. *See* SG § 12-105 ("State personnel shall have the immunity from liability described under § 5-522(b) of the Courts and Judicial Proceedings Article."); CJP § 5-522(b) (providing that State Personnel as defined under the MTCA are "immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence, and for which the State or its units have waived immunity" under SG § 12-104, "even if the damages exceed the limits of that waiver.").

The Legislature has created a comprehensive statutory scheme, where the waiver of the State's sovereign immunity for tort actions corresponds precisely with immunity from suit and liability for State personnel. In lieu of recovery from the negligent State personnel, the party may obtain compensation for that injury from the State. *Barbre*, 402 Md. at 173–74, 935 A.2d 699. "In other words, liability of the State and liability of individual State personnel are mutually exclusive. If the State is liable, the individual is immune; if the individual is liable, the State is immune." *Newell v. Runnels*, 407 Md. 578, 635, 967 A.2d 729 (2009). "In effect, the MTCA substitutes the State for the State personnel as the appropriate defendant in such an action." *Rodriguez v. Cooper*, 458 Md. 425, 451–52, 182 A.3d 853 (2018).

484 Md. at 542-44.

The MTCA contains two timing requirements. First, a claimant generally must submit written notice to the State Treasurer within one year of the injury to person or property that is the basis of the claim. SG § 12-106(b)(1). Second, "a claimant may not

institute an action under [the MTCA] unless . . . the action is filed within 3 years after the cause of action arises." SG § 12-106(b)(3). A court may find good cause to excuse compliance with the notice requirement and entertain an action under the MTCA "unless the State can affirmatively show that its defense has been prejudiced by the claimant's failure to submit the claim." SG § 12-106(c)(1). There is no such provision allowing for a court to find good cause to excuse the filing of a claim within three years.

Peacock contends that the MTCA's three-year filing requirement is a statute of limitations that was extended by the COVID Tolling Orders. The Supreme Court has explained, however, that the MCTA's three-year filing requirement is *"both* a statute of limitations and -- along with SG § 12-106(b)(1) -- a condition precedent to the waiver of sovereign immunity." *Higginbotham v. Pub. Serv. Comm'n of Maryland*, 412 Md. 112, 128 (2009). "If the condition is not fulfilled because a claimant fails to bring his or her action within the specified period of time, the State's sovereign immunity is not waived and the plaintiff loses his or her right to maintain a claim against the State." *Id.* at 136-37 (Harrell, J., concurring and dissenting).

Peacock asserts that the legislative history confirms that the MTCA's three-year filing requirement was intended to operate as a traditional statute of limitations. Regardless of whether the General Assembly intended the requirement to operate in a manner consistent with other statutes of limitations, the fact remains that the three-year filing requirement serves as *both* a statute of limitations and a condition precedent to a waiver of sovereign immunity. Although the Supreme Court held in *Murphy* that the Chief Judge had the authority to issue administrative orders tolling statutes of limitations in light of the

11

COVID-19 public health emergency, 478 Md. at 385-86, *Murphy* did not address conditions precedent to the State's waiver of sovereign immunity.

In his concurring and dissenting opinion in *Higginbotham*, Judge Harrell described the significant difference between a conditional precedent and a statute of limitations:

> A condition precedent is a "condition attached to the right to sue at all" and "operates as a limitation of the liability itself as created, and not of the remedy alone." *Rios v. Montgomery County*, 386 Md. 104, 127, 872 A.2d 1, 14 (2005). "[W]here a limitation period is stipulated in a statute creating a cause of action, it is not to be considered as an ordinary statute of limitations, but is to be considered as a limitation upon the right as well as the remedy." *Waddell v. Kirkpatrick*, 331 Md. 52, 60, 626 A.2d 353, 357 (1993); [*State v.*] *Sharafeldin*, 382 Md. [129,] 148, 854 A.2d [1208,] 1219 [(2004)]. Unlike a statute of limitations, a "condition precedent cannot be waived under the common law and a failure to satisfy it can be raised at any time because the action itself is fatally flawed if the condition is not satisfied." *Rios*, 386 Md. at 127, 872 A.2d at 14.

412 Md. at 136 (Harrell, J., concurring and dissenting).

The COVID Tolling Orders addressed "statutory and rules deadlines related to the initiation of matters required to be filed in a Maryland state court, including statutes of limitations," but the COVID Tolling Orders did not address conditions precedent to waivers of sovereign immunity. Indeed, only the General Assembly -- and not the Judiciary -- can waive sovereign immunity. *See Sharafeldin*, *supra*, 382 Md. at 140 (explaining that the Supreme Court has "held, consistently, that immunity from suit is 'one of the highest attributes of sovereignty,' and that any waiver of that immunity must come from the Legislature.") (quoting *Katz v. Washington Sub. San. Com'n*, 284 Md. 503, 512–13 (1979)). Courts "must read and 'construe legislative dilution of governmental immunity

12

narrowly in order to avoid weakening the doctrine of sovereign immunity by judicial fiat.'" *Magnetti v. Univ. of Md.*, 402 Md. 548, 565 (2007) (quoting *Stern v. Bd. of Regents*, 380 Md. 691, 720 (2004)). Because only the Legislature, and not the Judiciary, can waive sovereign immunity, the Chief Judge's COVID Tolling Orders cannot be read as extending the MTCA's three-year filing requirement. Accordingly, we reject Peacock's assertion that the circuit court erred in ruling that the time for filing the action was not extended by the Maryland Supreme Court's COVID Tolling Orders.

## II.

The second issue before us on appeal is whether the circuit court erred in determining that there was no genuine dispute of fact as to whether Deputy Debley was "State personnel" under the Maryland Tort Claims Act and thus entitled to immunity. As we shall explain, we agree with the circuit court that there was no genuine dispute of fact as to Debley's status as a State employee.

Pursuant to Md. Rule 2-501(f), the "court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." A genuine dispute of material fact exists only when there is evidence upon which a reasonable jury could base a verdict in favor of the non-moving party. *Beatty*, *supra*, 330 Md. at 738-39.

Under Maryland law, "Sheriff[s] and Deputy Sheriffs . . . are officials and/or employees of the State of Maryland rather than of [a local jurisdiction]." *Rucker v. Harford Cnty.*, 316 Md. 275, 281 (1989). Indeed, this is confirmed by statute. SG § 12-101(a)(6)

13

(expressly including "a sheriff or deputy sheriff of a county or Baltimore City" in the category of "State personnel"). As we explained *supra* in Part I of this opinion, State personnel are entitled to immunity under the MTCA. *See* SG § 12-105 ("State personnel shall have the immunity from liability described under § 5-522(b) of the Courts and Judicial Proceedings Article."); CJP § 5-522(b) ("State personnel, as defined in § 12-101 of the State Government Article, are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence, and for which the State or its units have waived immunity under Title 12, Subtitle 1 of the State Government Article, even if the damages exceed the limits of that waiver."). Peacock's complaint alleged that Debley acted tortiously but did not allege malice or gross negligence. Accordingly, Debley falls within the MTCA's grant of immunity.

Peacock is incorrect that the determination of whether a deputy sheriff is a State or county employee is a question for the trier of fact to resolve. Although in certain circumstances the financial responsibility for paying judgments or settlements involving a deputy sheriff may fall on the local jurisdiction, Md. Code (1985, 2021 Repl. Vol.), § 9-108 of the State Finance and Procurement Article ("SFP"), Maryland law is clear that the deputy sheriff is entitled to immunity under the MCTA. Moreover, SFP assigns financial liability to the local jurisdiction when a sheriff or deputy sheriff is performing law enforcement functions or detention center functions, and there is no evidence that Debley was performing either of these functions. Furthermore, SFP § 9-108 addresses the potential

14

financial liability of the local jurisdiction as the insurer and is not a basis to maintain a direct suit against the local jurisdictions.

Both the County and the State affirmed under oath in their answers to interrogatories that Debley was acting as a State employee at the time of the motor vehicle accident. The only evidence Peacock points to in support of his assertion that Debley's employment status should be a jury question is the letter sent by the State Treasurer in April 2020, in which the State Treasurer informed Peacock that the "preliminary review" of the claim had led to the "determin[ation] that the claim alleges conduct by a sheriff or deputy sheriff engaged in an activity that does not involve service of process, transportation of prisoners, courthouse security, or personnel matters" and that "[w]here a claim involves activities . . . other than those State functions, a county government may obtain insurance coverage and defense of claims that fall under the Maryland Tort Claims Act." This letter did not establish that Debley was not State personnel, nor did the letter suggest that Debley was not entitled to immunity under the MCTA, nor could the letter change Debley's legal status as State personnel under the MTCA. Accordingly, we reject Debley's assertion that the circuit court erred when it determined that there was no genuine dispute of fact as to whether Deputy Debley was "State personnel" under the Maryland Tort Claims Act and thus entitled to immunity.

### III.

Peacock's final appellate argument is that the circuit court erred when it determined that CJP § 5-524 did not authorize direct recovery against the County for Peacock's claim of *respondeat superior* liability. Peacock contends that CJP § 5-524 provides the basis for

15

him to sue Montgomery County directly for negligence on a vicarious liability theory and recover up to the minimum mandatory limits of insurance. As we shall explain, Peacock's argument is premised upon a faulty understanding of CJP § 5-524, and the circuit court appropriately granted summary judgment on this basis.

CJP § 5-524 provides as follows:

> An owner or lessee of any motor vehicle registered under Title 13 of the Transportation Article may not raise the defense of sovereign or governmental immunity, to the extent of benefits provided by the security accepted by the Motor Vehicle Administration under § 17-103 of the Transportation Article, in any judicial proceeding in which the plaintiff claims that personal injury, property damage, or death was caused by the negligent use of the motor vehicle while in government service or performing a task of benefit to the government.

Md. Code (1977, 2020 Repl. Vol.) § 17-103 of the Transportation Article imposes vehicle liability insurance requirements, including a requirement of $30,000 for an accident involving one person.

Peacock points to no authority in support of his assertion that CJP § 5-524 creates an independent cause of action against a government entity. Indeed, CJP § 5-524 cannot reasonably be read as establishing such an action. Rather, CJP § 5-524 provides that the County may not assert the defense of governmental immunity as to the mandatory minimum insurance. We agree with the County that the aim of CJP § 5-524 is to place a local government in the same position as any other owner of a vehicle who is sued on account of the negligence of the owner's agent or employee.

Peacock relies upon *Linz v. Montgomery Cnty.*, 256 Md. App. 73, 78 (2022), a case in which a Montgomery County police officer was involved in an accident while operating

16

a vehicle owned by the County and while in the scope of his employment. We explained that

> [t]hese statutes have been interpreted to allow a suit against a government entity for negligent use of its vehicle, while in service or for its benefit, up to the applicable mandatory minimum limit. [*Williams v. Maynard*, 359 Md. 379,] 382-83, 754 A.2d 379 [(2000)] (stating that CJP § 5-524 and TA § 17-107(c) "authorized" the plaintiff's tort action against Montgomery County for damages for injuries sustained in an automobile accident with a county-owned vehicle driven by a county employee). Thus, in the case at bar, Mr. Linz could sue (and did sue) the County directly for negligence, on a vicarious liability theory based on the actions of Officer Chindblom as its employee, but the County could not be liable for more than $30,000 in damages.

*Linz*, *supra*, 256 Md. App. at 79. Linz involved a cause of action brought against a county on *respondeat superior* liability for the negligent driving of its employee. *Linz* did not involve a circumstance in which a party sought to bring a claim against a county for the alleged negligent driving of a non-employee solely because the county was the owner and insurer of the vehicle. CJP § 5-524 does not permit a party to maintain a direct action against a county prior to the entry of any judgment on the issue of underlying liability. Accordingly, we hold that the circuit court appropriately granted Montgomery County's motion for summary judgment.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

17